UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK-JOSEPH GROULX,

    Plaintiff,

v.

PEOPLE'S REPUBLIC OF CHINA aka TIKTOK, et al.,

    Defendant.
_____/

Case No. 1:22-cv-12295

Honorable Thomas L. Ludington
United States District Judge

**OPINION AND ORDER (1) DENYING PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, (2) DISMISSING COMPLAINT WITHOUT PREJUDICE, AND (3) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Plaintiff Patrick-Joseph Groulx[1] filed a *pro se* complaint against China and 26 companies, seeking $5,500,000.00 plus interest because TikTok deleted his account after he repeatedly tried to upload "videos of how to grow marijuana." He also seeks leave to proceed *in forma pauperis*.

Plaintiff's application to proceed *in forma pauperis* will be denied, his Complaint will be dismissed without prejudice, and he will be denied leave to appeal *in forma pauperis*.

**I.**

The Prisoner Litigation Reform Act of 1995 (PLRA) provides that "if a prisoner brings a civil action or files an appeal in forma pauperis, [then] the prisoner shall be required to pay the full

---

[1] Plaintiff Patrick-Joseph Groulx apparently is actively campaigning to be Governor of Michigan. *See* @PatrickJGroulx, TWITTER, https://twitter.com/PatrickJGroulx [https://perma.cc/BW8N-P9T4] (last visited Dec. 12, 2022) ("I am running for Governor of Michigan! I would like your support to stop the trash from Canada!"). But his campaign might be on hold until 2023. *See* Patrick Groulx for Governor of Michigan 2019-2023, FACEBOOK (July 14, 2017), https://www.facebook.com/people/Patrick-Groulx-for-Governor-of-Michigan-2019-2023/100022753610733/ (last visited Dec. 20, 2022) ("If I am elected I will create a Department based on Science and Biology to combat mosquitoes, Asian carp, Japanese beetles[,] and any other invasive creature that costs us our livelihoods and money.").

amount of a filing fee." 28 U.S.C. § 1915(b)(1) (as amended); *see also In Re Prison Litig. Reform Act*, 105 F. 3d 1131, 1138 (6th Cir. 1997). Even so, district courts may authorize a prisoner to proceed *in forma pauperis* if she submits an affidavit that includes a description of her assets and a statement that she is unable to pay the fees. *See* 28 U.S.C. § 1915(a)(1).

But, under the three-strikes rule, an *in forma pauperis* complaint must be dismissed if the filer has had at least three other *in forma pauperis* complaints dismissed as frivolous, malicious, or not stating a claim for which relief could be granted. *See* 28 U.S.C. § 1915(g). Frivolity includes lack of jurisdiction, *see Carlock v. Williams*, 182 F.3d 916 (6th Cir. 1999), and lack of standing, *see Garland v. Wells Fargo Home Mortg. Inc.*, 303 F. Supp. 3d 554, 559 (E.D. Mich. 2018) ("Standing is a 'jurisdictional' matter, and a lack of standing deprives a court of subject matter jurisdiction." (quoting *Ward v. Alt. Health Delivery Sys., Inc.*, 261 F.3d 624, 626 (6th Cir. 2001))).

The PLRA—including the three-strikes rule—equally applies to nonprisoners. *Hunt v. Midland/Odessa Urb. Transit Dist.*, No. MO:18-CV-00151-DC, 2018 WL 10036076, at *1 (W.D. Tex. Sept. 27, 2018) ("[T]he *IFP* statute applies to *all* movants, both prisoners and non-prisoners alike." (citing *Haynes v. Scott*, 116 F. 3d 137, 39–40 (5th Cir. 1997))).

The only exception to the three-strikes rule is if the complaint plausibly alleges an "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## II.

Plaintiff has filed at least one *in forma pauperis* complaint that was dismissed on the merits. *See Groulx v. Crop Prod. Servs.*, No. 1:19-CV-12560, 2020 WL 5939189, at *4 (E.D. Mich. Oct. 7, 2020) (dismissing Plaintiff's complaint on summary judgment).

But at least one of his *in forma pauperis* complaints has been dismissed under the PLRA's three-strikes rule. *Groulx v. Zawadski*, No. 1:22-CV-12294, 2022 WL 9446546, at *3 (E.D. Mich.

Oct. 14, 2022) ("[T]he Complaint fails the imminent-danger test." (citing *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012) (unpublished))).

And he had at least five other *in forma pauperis* complaints dismissed as frivolous, malicious, or not stating a claim. *See Groulx v. People's Republic of China*, No. 22-11369, 2022 WL 17291405, at *4 (E.D. Mich. Nov. 28, 2022) (dismissing complaint for "not stat[ing] a viable claim"); *Groulx v. Dollar Gen. Corp.*, No. 1:22-CV-12297 (E.D. Mich. Nov. 17, 2022), ECF No. 6 at PageID.115 (same for "fail[ing] to plead sufficient facts to justify the invocation of the Court's diversity jurisdiction"); *Groulx v. Saginaw Cnty. Rd. Comm'n*, No. 1:22-CV-12049, 2022 WL 7055158, at *1 (E.D. Mich. Oct. 12, 2022) (same for not "stat[ing] a claim"); *Groulx v. Dollar Gen. Corp.*, No. 1:22-CV-12050 (E.D. Mich. Sept. 13, 2022), ECF No. 5 at PageID.46 (same "for want of jurisdiction"); *Groulx v. Dollar Gen. Corp.*, No. 1:21-CV-10811, 2021 WL 2258732, at *2 (E.D. Mich. June 3, 2021) (same "for lack of standing").[2]

Because at least five of Plaintiff's *in forma pauperis* complaints were dismissed as frivolous, malicious, or not stating a claim, and at least one was dismissed under the PLRA's three-strikes rule, this case must be dismissed unless Plaintiff plausibly alleges he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

But his Complaint does not satisfy the imminent-danger exception because, among many other reasons that need not be addressed here, it does not even mention a physical injury—much

---

[2] Public record also reveals at least two criminal cases in which Plaintiff was involved. In 2004, the Michigan Court of Appeals affirmed Plaintiff's "enhanced sentence of sixteen months to two years in prison" for his second conviction for possession of marijuana. *People v. Groulx*, No. 249503, 2004 WL 2754678, at *1 (Mich. Ct. App. Dec. 2, 2004) (per curiam) (unpublished). And, though not obviously related, in 2018 the Michigan Court of Appeals affirmed a Michigan trial court's prosecutorial-immunity dismissal of Plaintiff's suit against numerous Bay County officials for "prosecut[ing] him for possession of marijuana despite the fact that he held a card under the Michigan Medical Marihuana Act." *Groulx v. Bay Cnty. Prosecutor Off.*, No. 335811, 2018 WL 1072595, at *1 (Mich. Ct. App. Feb. 27, 2018) (per curiam) (unpublished).

less one that is imminent or serious. *Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019). *See generally* ECF No. 1. Thus, Plaintiff may not proceed *in forma pauperis* on appeal. *See* 28 U.S.C. § 1915(g) (prohibiting a prisoner with three strikes from "bring[ing] a civil action *or appeal[ing] a judgment in a civil action*" absent an allegation of imminent danger (emphasis added)).

Consequently, Plaintiff's Complaint will be dismissed without prejudice so that he can pay the filing fee to refile it. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

### III.

As a separate matter, Plaintiff has filed numerous inconsistent applications to proceed *in forma pauperis*. *Compare Groulx v. Crop Prod. Servs.*, No. 1:19-CV-12560 (E.D. Mich. filed Sept. 6, 2019), ECF No. 9 (alleging that Plaintiff has no income, that he owns a house worth $55,000.00, that he owns a Volvo worth $500.00, and that his *ex-spouse* Carol Groulx makes $1200.00 per month in disability pay), *with Groulx v. Dollar Gen. Corp.*, No. 1:21-CV-10811 (E.D. Mich. filed Mar. 29, 2021), ECF No. 2 (alleging his "*wife* [Carol Groulx] recieves [sic] full disability of $1303.00" (emphasis added)), *and Groulx v. People's Republic of China*, No. 1:22-CV-11369 (E.D. Mich. filed June 21, 2022), ECF No. 2 (alleging that Plaintiff makes "$140.00 a week" selling plasma, that his "friend" owns a house worth $80,000.00, that his "friend" owns a Volvo worth $500.00, and that his "*friend* Carol [Groulx] gets Disability of about $1,300.00" and SNAP benefits (emphasis added)), *and Groulx v. Saginaw Cnty. Rd. Comm'n*, No. 1:22-CV-12049 (E.D. Mich. filed Aug. 29, 2022), ECF No. 2 (alleging that Plaintiff makes from $200.00–$600.00 per month selling plasma, that "the house [Plaintiff] reside[s] in is valued at $86,000," that Plaintiff "paid $500 for" a Volvo, and that "Carol [Groulx] gets full disability of about $1,300.00" and "$250 for food from MDHHS"), *and Groulx v. Dollar Gen. Corp.*, No. 1:22-CV-12050 (E.D. Mich. filed Aug. 29, 2022), ECF No. 2 (same), *and Groulx v. Zawadski*, No. 1:22-CV-12294 (E.D. Mich. filed Sept. 27, 2022), ECF No. 2 (alleging that Plaintiff makes "from $200 to 600 a month"

selling plasma, that his Volvo "is worth less than $500.00," that he owns a house "valued around $75,000," that Carol Groulx "gets disability of about $1,300.00 a month," and that he and Carol Groulx "get about $250 to $300 a month from SNAP"), *and Groulx v. CSX Corp.*, No. 1:22-CV-12296 (E.D. Mich. filed Sept. 27, 2022), ECF No. 2 (same), *and Groulx v. People's Republic of China*, No. 1:22-CV-12295 (E.D. Mich. filed Sept. 27, 2022), ECF No. 2 (alleging—with no mention of Carol Groulx—that Plaintiff makes from $200.00–$500.00 "a month" selling plasma, that his Volvo is "worth less than $500," and that his "house [is worth] about $75,000").

Such inconsistencies could do not warrant *in forma pauperis* status. *See, e.g.*, *LeVay v. Morken*, No. 1:20-CV-13146, 2022 WL 766442, at *8–9 (E.D. Mich. Mar. 11, 2022) (directing plaintiff to serve complaint and summons on defendants because plaintiff was proceeding *in forma pauperis* in one case but not another). *See generally* Mary Van Vort, Note, *Controlling and Deterring Frivolous in Forma Pauperis Complaints*, 55 FORDHAM L. REV. 1165 (1987) (discussing how civil plaintiffs could abuse the *in forma pauperis* statute). Yet the propriety of Plaintiff's financial indigence is inconsequential because his Complaint will be dismissed.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's Application to Proceed *in forma pauperis*, ECF No. 2, is **DENIED**. Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may refile his complaint but only if he fully prepays the necessary fees and costs. Further, it is **ORDERED** that Plaintiff is **DENIED** leave to proceed *in forma pauperis* on appeal. *See* 28 U.S.C. § 1915(a)(3), (g).

**This is a final order and closes the above-captioned case**.

Dated: December 21, 2022                s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge